

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN

*FIRM and AFFILIATE OFFICES*

RUDOLPH J. DI MASSA, JR.
DIRECT DIAL: +1 215 979 1506
PERSONAL FAX: +1 215 689 2138
*E-MAIL:* DiMassa@duanemorris.com
*www.duanemorris.com*

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO

October 27, 2023

**BY ECF**
Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square, Room 2101
New York, New York 10007

> Re:  *Arpesella, et al. v. The Bolivarian Republic of Venezuela*
> Civil Case No. 23-cv-08929-JPO

Dear Judge Oetken:

We represent Plaintiffs in the above referenced action.  We write to respond to the Court's October 13, 2023 minute entry order directing Plaintiffs to "show cause by letter with citations to appropriate authorities why this action should not be dismissed without prejudice or transferred to the U.S. District Court for the District of Columbia pursuant to 28 U.S.C. 1406(a)."  For the reasons discussed below, we respectfully ask that the Court retain jurisdiction over this action, consistent with controlling case law, the governing contracts and the substantial events giving rise to this action, all of which call for this action to remain in the Southern District of New York.

Initially, we respectfully note that the Second Circuit has held that a "district court may not dismiss a case *sua sponte* for improper venue absent extraordinary circumstances."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999); *see also Gardner v. McArdle*, 461 F. App'x 64, 66–67 (2d Cir. 2012); *Chavis v. A-1 Limousine*, 101 F.3d 686 (2d Cir. 1996); *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 (2d Cir. 1966).  The reason for this limitation is that the venue standards set forth in 28 U.S.C. § 1391 are "not a qualification upon the power of the court to adjudicate, but a limitation designed for the convenience of litigants." *Mirisch*, 355 F.2d at 371 (*citing Olberding v. Illinois Cent. R. Co*., 346 U.S. 338, 340 (1953)). That is, "venue is personal to the parties and waivable at will," so, "in the absence of extraordinary circumstances," the Court should not intercede on the parties' personal dispute-resolution choices.  *Id.*

Duane Morris

Honorable J. Paul Oetken
October 27, 2023
Page 2

There are no extraordinary circumstances here.  To the contrary, the Defendant Bolivarian Republic of Venezuela ("Republic") expressly and irrevocably designated the United States District Court for the Southern District of New York as an appropriate venue in the contractual documents giving rise to this action.  As Plaintiffs' Complaint alleges, the Republic agreed to submit both to this Court's jurisdiction and to venue before this Court with respect to actions arising out of the securities giving rise to this action (each a "Security," collectively the "Securities").  (D.E. 1 ¶¶ 24-25.)  In particular, in section 14(c) of each Fiscal Agency Agreement identified in Paragraphs 27 through 29 of the Complaint, the Republic "irrevocably consent[ed]" to venue before this Court and expressly "waive[d] any objection to venue."[1]  We respectfully submit that the Republic's irrevocable agreement is dispositive of venue.

We agree with the Court's minute entry order that Section 1391 does not articulate party agreement as a statutory basis for venue.  That said, this statutory silence is not determinative of the venue analysis.  Precisely because venue is personal, courts have long held that a litigant's personal venue objections are waivable, including as to sovereign parties covered by Section 1391(f).  *See, e.g., Corporación Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex–Exploración Y Producción*, 832 F.3d 92, 104 (2d Cir. 2016) (holding "for essentially the same reasons that PEP forfeited its challenge to personal jurisdiction, it has a fortiori forfeited its challenge to venue"); *cf.* 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.").

As such, courts generally enforce contractual venue commitments and, further, deem such commitments to be dispositive of venue.  *See, e.g., Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 64 (2013) ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12–13 (1972) (holding "a freely negotiated private international agreement, unaffected by fraud, undue influence, or overweening bargaining power, such as that involved here, should be given full effect"); *AXA Inv. Managers UK Ltd. v. Endeavor Cap. Mgmt. LLC*, 890 F. Supp. 2d 373, 378 (S.D.N.Y. 2012) ("[C]ontractual provisions designating an agreed-upon venue are widely enforced.").  Indeed, "there is a strong federal policy in favor of enforcing forum selection clauses."  *Martinez v. Bloomberg LP*, 883 F. Supp. 2d 511, 515 (S.D.N.Y. 2012), *aff'd*, 740 F.3d 211 (2d Cir. 2014).  Based on the foregoing settled law and federal policy, we respectfully request that the Court enforce the Republic's irrevocable choice of venue and retain jurisdiction over this action.

---

[1] The specific documents as alleged in the Complaint are: Fiscal Agency Agreement, dated September 3, 1997, as amended ("1997 FAA"); Fiscal Agency Agreement, dated August 6, 1998, as amended ("1998 FAA"); and Fiscal Agency Agreement, dated July 25, 2001, as amended ("2001 FAA"). Upon request, we can provide copies of these documents, and any other documents referenced herein.

DuaneMorris

Honorable J. Paul Oetken
October 27, 2023
Page 3

To the extent that the Court has misgivings about enforcing the Republic's irrevocable venue commitment, we note that "a substantial part of the events or omissions giving rise to the claim occurred" within the Southern District of New York so as to separately support venue pursuant to Section 1391(f)(1).  First, each Security at issue is deposited and held in his venue by the Depository Trust Company ("DTC"), through DTC's nominee, Cede & Co., whose office is located at 55 Water Street in Manhattan, New York.  Second, the Securities contractually mandate that the payment of principal and interest – the very contractual obligations at issue here – be made to Cede & Co. in New York (who then credits the appropriate DTC Participant account for each Security).  *See, e.g.*, Supplement to Prospectus dated July 30, 1998 at S-7.  Third, the contractual documents require that the Fiscal Agent be located in either New York, Frankfurt, or London.  *See* 1997 FAA § 9(a); 1998 FAA § 9(a); 2001 FAA § 9(a).  In this case, the Fiscal Agents for each Security – BNY Mellon Global Corporate Trust and Deutsche Bank Trust Company Americas – are located in New York.  Fourth, the Principal Paying Agent, Transfer Agent, and Registrar for each Security also are all located in this District.  *See* 1997 FAA § 2; 1998 FAA § 2; 2001 FAA § 2.  Fifth, the underwriters for some of the Securities were New York banks represented by New York law firms.  *See, e.g.*, September 11, 1997 Prospectus, p. 110.  And, sixth, each Security is governed by New York law in recognition of New York's centrality to the underlying transactions.  *See* 1997 FAA § 12; 1998 FAA § 12; 2001 FAA § 12. To the extent the Court deems it necessary for Plaintiffs to amend their Complaint to specify the foregoing facts in support of venue, Plaintiffs respectfully request the opportunity to do so.

In short, Plaintiffs brought this action to enforce Securities underwritten in New York, that are currently held in New York, whose terms require the Republic to make payments in New York, and whose payment terms expressly provide for enforcement by the Southern District of New York by enforcing New York law.  Even in the absence of a venue clause, the foregoing substantial nexus to New York supports a finding that "a substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of New York.  *See, e.g.*, *Schmidt v. Polish People's Republic*, 579 F. Supp. 23, 28 (S.D.N.Y. 1984) (rejecting venue objections on sovereign bonds with New York nexus).  We submit that the venue provision here makes venue all the more appropriate.

For the foregoing reasons, we respectfully request that the Court retain jurisdiction for this action in accordance with the parties' wishes and applicable law.

Respectfully submitted,

/s Rudolph J. Di Massa, Jr.

Rudolph J. Di Massa, Jr.